THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL GOLDSTEIN, Appellant.

Court of Special Sessions of City of New York, Appellate Part, First Department, December 5, 1933.

*Koppelman & Schlesinger* [*Harris Koppelman* of counsel], for the appellant.

*Thomas C. T. Crain, District Attorney* [*Irving Tell* of counsel], for the respondent.

PER CURIAM. The magistrate found, as a matter of fact, that the appellant was selling newspapers as alleged in the complaint. This finding we cannot disturb as it is supported by credible testimony. The question, however, before us is: Does the orderly selling of papers on a subway train constitute disorderly conduct as defined in subdivision 2 of section 722 of the Penal Law, which reads as follows:

" § 722. Disorderly conduct. * * *

" 2. Acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others."

Although there is no evidence in the record of this fact, it is probable that there are regulations promulgated by the railroad company forbidding the sale of newspapers in the subway trains. The court realizes that the company has a right to forbid the vending of newspapers in their trains and on their stations to any but those having a concession to do so; still this right cannot be

enforced by an arrest on the charge of disorderly conduct when no other facts but the mere selling of papers has been proven.

There is no evidence in this case of any other acts or conduct on the part of the appellant that tended to annoy, disturb, interfere with, obstruct, or be offensive to others, nor do any of the acts proven tend to a breach of the peace. The judgment must, therefore, be reversed on the law, facts examined, and, no errors found therein, complaint dismissed.